**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY W. MAYFIELD,** | § | |
| **Plaintiff,** | § | |
| | § | |
| ***v.*** | § | **Civil Action No. 3:14-CV-1100-M-BK** |
| | § | |
| **UNITED STATES POSTAL SERVICE,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Before the Court is Defendant's *Motion to Dismiss*.  Doc. 14.  For the reasons that follow, it is recommended that Defendant's motion be **GRANTED**.

## I.    BACKGROUND

Plaintiff was employed as a mail carrier with the United States Postal Service's Valley Ranch Station in Irving, Texas, until December 10, 2011, when he was removed for, *inter alia*, refusing to deliver mail.  Doc. 4 at 128-129, 26; Doc. 15 at 7-8.  In May 2012, Plaintiff appealed his removal to the United States Merit System Protection Board, Dallas Regional Office ("MSPB").  Doc. 4 at 26.  He asserted his removal was the result of racial discrimination, and that he was retaliated against for his prior equal employment opportunity activity, whistleblowing disclosure, and a lawsuit accusing the Postmaster and several co-workers of identity theft.  Doc. 4 at 27.

In September 2012, the administrative judge who was assigned to the case affirmed the removal action.  Doc. 4 at 42.  As to Plaintiff's racial discrimination allegations, the administrative judge found that there was no evidence suggesting disparate treatment by the agency when compared with the penalties imposed on employees outside of Plaintiff's protected

group who engaged in the same conduct.  Doc. 4 at 36.  In so concluding, the administrative

judge found that the employees identified as comparators by Plaintiff did not work in the same

facility and did not have the same supervisors as Plaintiff, and that there was no evidence

indicating they purposely refused to deliver the mail.  Doc. 4 at 35.  Regarding Plaintiff's

protected activity allegations, the administrative judge found that Plaintiff had failed to

demonstrate that the removal action was taken because of the protected activity, as opposed to

his refusal to deliver the mail.  Doc. 4 at 39.

The MSPB affirmed the administrative judge's initial decision in July 2013.  Doc. 4 at

49.  The MSPB advised Plaintiff that he could seek judicial review of both discrimination and

non-discrimination issues with the appropriate federal district court.  Doc. 4 at 44-45.

Alternatively, he could seek judicial review with the Federal Circuit if he chose to challenge only

the non-discrimination decision.  Doc. 4 at 44-45.

Plaintiff appealed to the Federal Circuit Court of Appeals.  Doc. 3.  However, the Federal

Circuit dismissed his claims for lack of subject matter jurisdiction, finding that judicial review of

an MSPB decision in a mixed case is left to the district courts.  Doc. 3 at 3.  Having completed

the administrative process and pursuant to the transfer, Plaintiff's claims are now before this

Court.

## II.    APPLICABLE LAW AND ANALYSIS

### Res Judicata

Defendant argues, *inter alia*, that Plaintiff's identity theft claim should be dismissed

under the principle of *res judicata* because it was previously dismissed by a final judgment on

the merits in *Mayfield v. United States of America*, Cause Number 3:11-CV-2116-D. Doc. 15 at
13. Plaintiff did not respond to Defendant's argument.

A claim is barred by federal principles of *res judicata* if: "(1) the parties are identical or
in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction;
(3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or
cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh* , 428
F.3d 559, 571 (5th Cir. 2005).

As Defendant correctly notes, Plaintiff's claim of identity theft should be dismissed
because all of the elements of *res judicata* are met. Although the names of the parties are not
identical in both suits, the first element of *res judicata* is met because the United States and the
United States Postal Service are in privity. The interests of the Postal Service and the United
States are identical with regard to Plaintiff's claim that government employees stole his personal
information. *See e.g., Sunshine v. Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940)
("[A] judgment … in a suit between a party and a representative of the United States is *res
judicata* in relitigation of the same issue between that party and another officer of the
government."); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (same); *accord Willkerson v.
Watkins*, Civ. A. No. 3:13-cv-1326-M (BF), 2013 WL 6620861, at *3 (N.D. Tex. Dec. 16, 2013)
(Lynn, J.) (*res judicata* barred second lawsuit against different state government defendant
because defendant in first lawsuit represented same legal interests as defendant in the second
lawsuit with respect to subject matter involved).

The second element of *res judicata* is met because the *Mayfield* court (this Court) is a
court of competent jurisdiction. In *Mayfield*, Magistrate Judge Paul Stickney entered a Report

3

and Recommendation to District Judge Sidney Fitzwater addressing the merits of Plaintiff's claims, including identity theft.  Dkt. 36 at 10-13; Dkt. 37.  District Judge Fitzwater entered an order adopting the Findings, Conclusions, and Recommendations ("FCR") of Magistrate Judge Stickney, which granted the motion to dismiss filed by the postal employees.  Dkt. 38.  District Judge Fitzwater then entered another order that applied Magistrate Judge Stickney's FCR to the Defendant United States Government.  Dkt. 40.  Thus, the third element of *res judicata* is met because the *Mayfield* court entered a judgment on the merits when it dismissed Plaintiff's claim regarding identity theft against the postal employees and the United States with prejudice.  Dkt. 38; Dkt. 40.  Lastly, the fourth element is met because Plaintiff's "identity theft" claim is identical in both lawsuits.  Doc. 11 at 1; Dkt. 16 at 2.

Accordingly, Plaintiff's identity theft claim should be dismissed under the principals of *res judicata*.

### **Failure to State a Claim**

Defendant argues that Plaintiff's Second Amended Complaint ("complaint") does not allege a discrimination or retaliation claim.  Doc. 15 at 19.  Defendant further alleges that the complaint is devoid of facts that explain "who, what, where, when, why, or how" the discriminatory conduct occurred, preventing a *de novo* review.  Doc. 15 at 19.  Again, Plaintiff failed to respond to Defendant's arguments.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  To overcome a Rule

4

12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter* , 224 F.3d 496, 498 (5th Cir. 2000).

The Court agrees with Defendant.  Plaintiff's first amended complaint reads, *in toto*, "I pray that this amended complaint is accepted.  My constitutional and civil rights have been violated.  My employment rights have been discriminated against." Doc. 9 at 1.  In his second amended complaint, Plaintiff wholly abandoned his claims of racial discrimination and retaliation, instead re-alleging (as the Court can best decipher) the same identity theft claim disposed of in his previous lawsuit in this Court. Doc. 11. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994).

Even under the most liberal construction of his second amended complaint, Plaintiff has failed to state a single fact that, when taken as true, could plausibly support a claim of racial discrimination or retaliation. *Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding *pro se* litigants pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).  Indeed neither claim is even mentioned.  Plaintiff's second amended

complaint does not contain direct allegations on every material point necessary to sustain a recovery, nor does it contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.  Doc. 11; *Campbell*, 43 F.3d at 975. In short, Plaintiff's complaint only contains an "unadorned, the-defendant-unlawfully-harmed-me accusation," which the Supreme Court held deficient in *Iqbal*.  556 U.S. at 678.  Accordingly, Defendant is entitled to dismissal.

### **Opportunity to Amend**

Generally a district court errs in dismissing *pro se* claims under Rule 12(b)(6) for failure to state a claim without giving the plaintiff an opportunity to amend.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  However, allowing leave to amend is not required if the *pro se* plaintiff has already plead his "best case."  *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).  Here, the Court has twice pointed out to Plaintiff the deficiencies in his pleadings and ordered him to amend his complaint to cure them, Doc. 8; Doc. 12, still he has failed to state a cognizable claim.  Thus, the Court concludes that leave to amend is not required here, where Plaintiff had already ample opportunity to plead his best case.  *See Jacquez*, 801 F.2d at 792 ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

### III.   CONCLUSION

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss, Doc. 14, be **GRANTED** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

SIGNED October 21, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7